CLD-055                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3959
_____

LAWRENCE MAHER,
Appellant

v.

WARDEN J.T. SHARTLE
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-01271)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 1, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 24, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Lawrence Maher appeals pro se from the United States District Court for the

District of New Jersey's order dismissing his habeas petition filed under 28 U.S.C.

§ 2241. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In 2004, Maher was convicted of a federal drug trafficking offense in the United States District Court for the District of Maine. He was determined to be a career offender based, in part, on a 1997 state misdemeanor drug conviction for which his sentence was suspended. In April 2005, he was sentenced to 262 months' imprisonment and six years of supervised release, and the United States Court of Appeals for the First Circuit affirmed his conviction in July 2006. United States v. Maher, 454 F.3d 13 (1st Cir. 2006). In 2008, the District Court of Maine denied Maher's 28 U.S.C. § 2255 motion. See Maher v. United States, Civ. No. 07-195, 2008 WL 2810194 (D. Me. Jul. 21, 2008). Maher's subsequent motion to modify his sentence pursuant to 18 U.S.C. § 3582 was also unsuccessful. Then, in January 2011, the United States Court of Appeals for the First Circuit denied Maher's request to file a second or successive 28 U.S.C. § 2255 motion. In doing so, it stated that the District Court's decision to classify Maher as a career offender was not in error. See Maher v. United States, C.A. No. 10-2440 (1st Cir. Jan. 19, 2011).

Maher is currently confined in the Federal Correctional Institution at Fairton, New Jersey. In March 2011, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, claiming that the

2

District Court of Maine erred by sentencing him as a career offender provision because the sentence for his 1997 state court conviction was suspended.

The District Court dismissed Maher's petition for lack of jurisdiction. Maher now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

It is apparent that Maher's petition is not viable under 28 U.S.C. § 2241, as he is attempting to challenge the validity of his sentence. A federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. Cradle, 290 F.3d at 538; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims under § 2255. Cradle, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction and he had no other opportunity to pursue his claim).

3

After considering Maher's petition and submissions to this Court, we agree with the District Court that he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention.  Although Maher would likely encounter hurdles attempting to file another § 2255 motion in the sentencing court, we have repeatedly held that a prisoner's inability to meet § 2255's gatekeeping requirements does not render it inadequate or ineffective.[1]  Cradle, 290 F.3d at 538-39 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] We note that the decision on which Maher relies to support his argument that he may proceed under § 2241 has been vacated.  See Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), *vacated*, Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).  In its 2011 decision, the United States Court of Appeals for the Eleventh Circuit stated that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a [sentencing] guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or the successive motions bar of § 2255(h)."  640 F.3d at 1312.